E. Evans Wohlforth, Jr.
Ryan E. Hanlon
Caroline E. Oks
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500
ewohlforth@gibbonslaw.com
rhanlon@gibbonslaw.com
coks@gibbonslaw.com

*Attorneys for Plaintiff*
*Connecticut General Life Insurance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>ROSELAND AMBULATORY SURGERY CENTER, LLC,<br><br>*Defendant.* | Civil Action No. 12-CV-05941 (WJM)(MF)<br><br>*Document Electronically Filed*<br><br>**PLAINTIFF CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S ANSWER TO AMENDED COUNTERCLAIM AND AFFIRMATIVE DEFENSES** |

Plaintiff Connecticut General Life Insurance Company ("CGLIC"), by and through its attorneys, Gibbons P.C., as and for its Answer and Affirmative Defenses to the Amended Counterclaim of Defendant Roseland Ambulatory Surgery Center, LLC ("RASC"), states as follows:

### AS TO THE NATURE OF THE ACTION

1.      The allegations contained in Paragraph No. 1 of the Amended Counterclaim set forth legal conclusions to which no response is required.  To the extent a response is required, CGLIC denies the allegations of Paragraph No. 1.

## AS TO THE JURISDICTIONAL ALLEGATIONS

2. The allegations of Paragraph No. 2 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

3. Admitted.

4. The allegations of Paragraph No. 4 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

5. The allegations of Paragraph No. 5 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

6. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations contained in Paragraph No. 6 of the Amended Counterclaim and therefore denies same, leaving RASC to its proofs. Further, the allegations contained in Paragraph No. 6 set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 6.

## AS TO THE FACTS COMMON TO ALL COUNTS

7. CGLIC incorporates the responses set forth in Paragraph Nos. 1 through 6, above, as if fully set forth herein.

8. The allegations of Paragraph No. 8 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

9. Admitted that RASC is not a contracted provider in CGLIC's network. The remaining allegations of Paragraph No. 9 of the Amended Counterclaim are denied.

10. Admitted.

11. Admitted subject to the clarification that while the plan may cover 80% or less of the fee for out-of-network services that the patient is required to pay, the patient is typically responsible for 20% or more of the cost through coinsurance or deductibles (*i.e.*, "cost-share").

12. Denied.

13. The allegations of Paragraph No. 13 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

14. To the extent the allegations in Paragraph No. 14 of the Amended Counterclaim refer to actions between RASC and its patients and/or RASC and Viant, these allegations do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs. The remaining allegations of Paragraph No. 14 of the Amended Counterclaim are denied.

15. Denied.

16. The May 13, 2011 letter referenced in Paragraph No. 16 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegations inconsistent therewith. The remaining allegations are denied.

17. The July 19, 2011 letter referenced in Paragraph No. 17 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegations inconsistent therewith. The remaining allegations are denied.

18. The August 19, 2011 letter referenced in Paragraph No. 18 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegations inconsistent therewith. The remaining allegations are denied.

19. The allegations contained in Paragraph No. 19 of the Amended Counterclaim set forth legal conclusions to which no response is required. CGLIC admits, however, that CGLIC maintains a Special Investigation Unit ("SIU"), which has among its responsibilities the detection and investigation of false or fraudulent claims and activities. The remaining allegations of Paragraph No. 19 are denied.

20. Admitted that one of the processes utilized by the SIU is to review previously paid claims for false or fraudulent activity. The remaining allegations of Paragraph No. 20 of the Amended Counterclaim are denied.

21. The August 19, 2011 letter referenced in Paragraph No. 21 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegations inconsistent therewith. The remaining allegations are denied.

22. The August 19, 2011 letter referenced in Paragraph No. 22 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegations inconsistent therewith. The remaining allegations are denied.

23. The allegations of Paragraph No. 23 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

24. The allegations contained in Paragraph No. 24 of the Amended Counterclaim set forth legal conclusions to which no response is required. Further, the documents referenced in Paragraph No. 24 are the best evidence of their contents and CGLIC denies any allegation

inconsistent therewith. The remaining allegations of Paragraph No. 24 do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

25. The August 31, 2011 letter referenced in Paragraph No. 25 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegations inconsistent therewith. The remaining allegations are denied.

26. The allegations of Paragraph No. 26 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs. Further, the documents referenced in Paragraph No. 26 are the best evidence of their contents and CGLIC denies any allegation inconsistent therewith.

27. The allegations of Paragraph No. 27 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

28. CGLIC lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 28 of the Amended Counterclaim and therefore denies same, leaving RASC to its proofs. Further, the documents referenced in this paragraph speak for themselves and are the best evidence of their contents and CGLIC denies any allegation inconsistent therewith.

29. The allegations contained in Paragraph No. 29 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 29.

30. Denied.

5

31.     The allegations of Paragraph No. 31 of the Amended Counterclaim do not relate to CGLIC.  CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

32.     Admitted that at a certain time CGLIC ceased paying claims submitted by RASC. The remaining allegations of Paragraph No. 32 of the Amended Counterclaim are denied.

33.     Admitted that at a certain time CGLIC ceased paying claims submitted by RASC. CGLIC lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 33 and therefore denies same, leaving RASC to its proofs.

34.     Admitted to the extent Paragraph No. 34 of the Amended Counterclaim alleges that CGLIC advised RASC's representatives that it would not pay any claims without proof that RASC had collect co-pays and deductibles for each claim.  Further, the allegations contained in Paragraph No. 34 of the Amended Counterclaim set forth legal conclusions to which no response is required. As to the balance of the allegations of Paragraph No. 34, CGLIC lacks knowledge sufficient to form a belief as to the truth of the allegations and therefore denies same, leaving RASC to its proofs.

35.     Denied.

36.     Denied.

37.     The literature referenced in Paragraph No. 37 of the Amended Counterclaim  is the best evidence of it contents and CGLIC denies any allegation inconsistent therewith.  The remaining allegations of Paragraph No. 37 of the Amended Counterclaim are denied.

38.     To the extent the RASC intends the phrase "course of dealing" as a term of art with legal significance, the allegation contained in Paragraph No. 38 of the Amended Counterclaim sets forth legal conclusions to which no response is required.  As to the balance of

the allegations in Paragraph No. 38, CGLIC lacks knowledge sufficient to form a belief as to the truth of the allegations and therefore denies same, leaving RASC to its proofs.

39. The allegations contained in Paragraph No. 39 of the Amended Counterclaim set forth legal conclusions to which no response is required. Further, CGLIC lacks knowledge sufficient to form a belief as to the truth of these remaining allegations of Paragraph No. 39 and therefore denies same, leaving RASC to its proofs.

40. CGLIC lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 40 of the Amended Counterclaim and therefore denies same, leaving RASC to its proofs.

41. The documents referenced in Paragraph No. 41 of the Amended Counterclaim are the best evidence of their contents and CGLIC denies any allegation inconsistent therewith. CGLIC lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies same, leaving RASC to its proofs.

42. The allegations contained in Paragraph No. 42 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 42.

43. The documents referenced in Paragraph No. 43 of the Amended Counterclaim are the best evidence of their contents and CGLIC denies any allegation inconsistent therewith.

44. The documents referenced in Paragraph No. 44 of the Amended Counterclaim are the best evidence of their contents and CGLIC denies any allegation inconsistent therewith.

45. The allegations contained in Paragraph No. 45 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 45.

46. The allegations of Paragraph No. 46 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

47. The allegations of Paragraph No. 47 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

48. The allegations of Paragraph No. 48 of the Amended Counterclaim do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

49. To the extent Paragraph No. 49 of the Amended Counterclaim alleges that CGLIC refused to process RASC's claims without proof that RASC collected co-pays and deductibles for each claim, admitted. As to the balance of the allegations in Paragraph No. 49, CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

50. To the extent Paragraph No. 50 of the Amended Counterclaim alleges that CGLIC refused to process RASC's claims without proof that RASC collected co-pays and deductibles for each claim, admitted. Further, the allegations contained in Paragraph No. 50 set forth legal conclusions to which no response is required. As to the balance of the allegations in Paragraph No. 50, CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs.

51. The document referenced in Paragraph No. 51 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegation inconsistent therewith. The remaining allegations of Paragraph No. 51 are denied.

52. The document referenced in Paragraph No. 52 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegation inconsistent therewith. The remaining allegations of Paragraph No. 52 are denied.

53. The allegations contained in Paragraph No. 53 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 53.

54. Denied.

55. The article referenced in Paragraph No. 55 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegation inconsistent therewith.

56. Denied.

57. The allegations contained in Paragraph No. 57 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 57.

58. The pleading referenced in Paragraph No. 58 of the Amended Counterclaim speaks for itself and is the best evidence of its contents, and CGLIC denies any allegation inconsistent therewith. The remaining allegations of Paragraph No. 58 are denied.

## AS TO THE FIRST COUNT
(Breach of Contract)

59. CGLIC incorporates the responses set forth in Paragraph Nos. 1 through 58, above, as if fully set forth herein.

60. The allegations contained in Paragraph No. 60 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 60.

61. The allegations of Paragraph No. 61 do not relate to CGLIC. CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs. Further, the allegations contained in Paragraph No. 61 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 61.

62. To the extent the allegations contained in Paragraph No. 62 of the Amended Counterclaim relate to John Doe and ABC Corp., CGLIC lacks knowledge sufficient to form a belief as to the truth of these allegations and therefore denies same, leaving RASC to its proofs. Further, the allegations contained in Paragraph No. 62 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 62.

63. The documents referenced in Paragraph No. 63 of the Amended Counterclaim are the best evidence of their contents and CGLIC denies any allegation inconsistent therewith. Further, the allegations contained in Paragraph No. 63 set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 63.

64. The allegations contained in Paragraph No. 64 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 64.

**WHEREFORE,** CGLIC hereby demands that judgment be entered in its favor and against RASC, dismissing with prejudice all claims for relief set forth in the Amended Counterclaim and awarding CGLIC attorneys' fees, costs of suit, and such further relief as the Court deems just and proper.

## AS TO THE SECOND COUNT
(Breach of Implied Covenant of Good Faith and Fair Dealing)

65. CGLIC incorporates the responses set forth in Paragraph Nos. 1 through 64, above, as if fully set forth herein.

66. The documents referenced in Paragraph No. 66 of the Amended Counterclaim are the best evidence of their contents and CGLIC denies any allegation inconsistent therewith. Further, the allegations contained in Paragraph No. 66 set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 66.

67. The allegations contained in Paragraph No. 67 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 67.

68. The allegations contained in Paragraph No. 68 of the Amended Counterclaim set forth legal conclusions to which no response is required. To the extent a response is required, CGLIC denies the allegations of Paragraph No. 68.

**WHEREFORE,** CGLIC hereby demands that judgment be entered in its favor and against RASC, dismissing with prejudice all claims for relief set forth in the Amended Counterclaim and awarding CGLIC attorneys' fees, costs of suit, and such further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Amended Counterclaim fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

All or certain of RASC's claims are barred by the doctrines of waiver, unclean hands, laches, and/or estoppel.

**Third Affirmative Defense**

RASC's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policies or plans at issue.

**Fourth Affirmative Defense**

RASC's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., which precludes any related state law causes of action.

**Fifth Affirmative Defense**

RASC's remedies, if any, are limited to those provided under ERISA and its damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable policy.

**Sixth Affirmative Defense**

No payments are owed to RASC under the terms and conditions of the said policies or plans.

**Seventh Affirmative Defense**

RASC's eligibility for payment is subject to the restrictions contained in the policy or plan.

**Eighth Affirmative Defense**

RASC's claims for payment under the policy were properly denied by CGLIC.

### Ninth Affirmative Defense

Any damage suffered by RASC was a result of its own conduct.

### Tenth Affirmative Defense

CGLIC asserts any and all defenses available to it under the terms of ERISA.

### Eleventh Affirmative Defense

RASC has failed to satisfy one or more conditions precedent for coverage under the plans.

### Twelfth Affirmative Defense

CGLIC owes no obligation under the plans to pay RASC.

### Thirteenth Affirmative Defense

CGLIC's denial of payment under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within causes of action.

### Fourteenth Affirmative Defense

CGLIC's factual determinations resulting in the denial of payment were, under all of the circumstances, reasonable.

### Fifteenth Affirmative Defense

RASC's claims are or may be barred, in whole or in part, by the applicable statute of limitations under ERISA and any contractual limitations period under the terms of the policy or plan.

### Sixteenth Affirmative Defense

RASC's claims are or may be barred in whole or in part by any other applicable statute of limitations.

### Seventeenth Affirmative Defense

RASC's claims may be barred in whole or in part by the doctrines of accord and satisfaction.

### Eighteenth Affirmative Defense

The allegations in the Amended Counterclaim fail to state a cause of action pertaining to any claim for attorneys fees, interest and costs.

### Nineteenth Affirmative Defense

RASC's claims are or may be barred, in whole or in part, by failure of consideration.

### Twentieth Affirmative Defense

Any recovery by RASC from CGLIC is subject to valid and existing setoff rights in favor of CGLIC.

### Twenty-First Affirmative Defense

RASC's claims are barred for failure to mitigate damages.

### Twenty-Second Affirmative Defense

RASC has suffered no damage cognizable at law or in equity.

### Twenty-Third Affirmative Defense

CGLIC at all times acted in good faith and RASC has suffered no actual or special harm.

### Twenty-Fourth Affirmative Defense

CGLIC's actions are protected by the United States Constitution, the New Jersey Constitution and the laws and Constitutions of other States.

### Twenty-Fifth Affirmative Defense

All or certain of RASC's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### Twenty-Sixth Affirmative Defense

RASC did not plead with sufficient specificity and particularity the specific words that are alleged to be actionable.

### Twenty-Seventh Affirmative Defense

CGLIC hereby gives notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings and reserve the right to amend this Answer to assert such defenses.

**WHEREFORE,** CGLIC hereby demands that judgment be entered in its favor and against RASC, dismissing with prejudice all claims for relief set forth in the Amended Counterclaim and awarding CGLIC attorneys' fees, costs of suit, and such further relief as the Court deems just and proper.

Dated: September 25, 2014
      Newark, New Jersey

By: s/E. Evans Wohlforth, Jr.
    E. Evans Wohlforth, Jr.
    Ryan E. Hanlon
    Caroline E. Oks
    **GIBBONS P.C.**
    One Gateway Center
    Newark, NJ  07102-5310
    Tel:  (973) 596-4879

    *Attorneys for Plaintiff*
    *Connecticut General Life Insurance Company*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, the Plaintiff, by its attorneys, Gibbons P.C., states that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding to the best of our knowledge or belief.

Dated: September 25, 2014    By: s/E. Evans Wohlforth, Jr.
      Newark, New Jersey            E. Evans Wohlforth, Jr.
                                                 Ryan E. Hanlon
                                                 Caroline E. Oks
                                                 **GIBBONS P.C.**
                                                 One Gateway Center
                                                 Newark, NJ  07102-5310
                                                 Tel:  (973) 596-4879

                                                 *Attorneys for Plaintiff*
                                                 *Connecticut General Life Insurance Company*